EDWARD HARRIS v. THE SOCIAL MANUFACTURING COMPANY.

An award should be in its terms reasonably certain, and not leave its own mean-
ing open to further controversy.  Hence, an award that the defendants "have
the right to keep up and maintain the cap-log or permanent rolling way of
their said dam to the top of the great rock in their pond above said dam and
no higher, and to keep on said cap-log flash boards twelve inches wide, at all
times except in times of freshet," must be set aside for uncertainty, the word
"*freshet*" so varying in its meaning as to necessitate constant litigation; as, in
case of a suit, a jury could only determine whether the state of the water in
the particular case before them did or did not constitute a freshet.

PETITION for a rehearing of the original bill between the same
parties, and for leave to file a supplemental bill in the nature of
a bill of review.  At the September term, 1864, of this court
for the county of Providence, a demurrer to the bill was sus-
tained, and the bill dismissed with costs.  The case is reported
in 8 R. I. at page 133, and the material facts of the case are
there presented with sufficient fullness.  Such of the reasons
assigned why a rehearing should be granted as were passed
upon by the court, are sufficiently set forth in their opinion
granting the same.

*R. W. and T. C. Greene, and B. R. Curtis of Boston, for the
complainant.*

*Currey, for the respondent.*

POTTER, J.  This is a bill to set aside an award for uncer-
tainty, and because it does not conform to the submission.

Disputes having arisen between the parties in relation to the
defendants' dam, it was agreed to refer " their respective rights
in the premises, and all questions in dispute between them in
relation to said dam," to three arbitrators for final award.  This
agreement was entered as a rule of court, and their report, when
made, was, without exceptions, confirmed by the court.

The bill alleged that the defendants had the right, by deed
dated in 1841, to raise their solid dam to the top of a certain
rock, and to keep six inch flash-boards thereon from November
to April absolutely, and from April to November contingently ;

that in 1855, the defendants put temporary twelve inch flash-boards on said dam, taking them off when the water was high, and in May, 1859, added one foot to the solid dam, making one foot above the rock, and put twelve inch flash-boards thereon. The plaintiff claimed that he had commenced the occupation of the power above, for mill purposes, in April, 1859. Hence the dispute and arbitration.

On a former hearing, the court decided in favor of the defendants, and the cause now comes up on the complainant's motion for rehearing.

The arbitrators in their award, determine that the defendants " have the right to keep up and maintain the cap-log or permanent rolling way of their said dam to the top of the great rock in their pond above said dam," " and no higher, and to keep on said cap log flash-boards twelve inches wide at all times, except in times of freshet."

It is not necessary to a complete award that it should execute itself. That is not always possible. But it should be in its terms reasonably certain ; it should, as a general rule, leave nothing to be performed but the mere ministerial acts needed to carry it into effect. It should end controversy, and not leave its own meaning open to future controversy. It should be certain as a judgment of court. A judgment of court may need process to enforce it ; but that could hardly be called a final judgment which requires another judgment to determine its meaning.

The object of an arbitration is to prevent future dispute. This object can hardly be said to be carried into effect when, in defining rights of the parties, terms are used which might require another lawsuit to fix their meaning, and still less if left open to continual lawsuits at the pleasure or ill will of the parties.

It should leave no doubt as to the nature or extent of the duties imposed by it upon the parties. Russel on Arbitrators, 277. It may require future ministerial acts to be done by the arbitrators or others, but cannot reserve any judicial act to be done. Ibid. 274. His duty is to make a complete and final determination, and it is a breach of that duty to leave anything to be determined hereafter. Ibid. 272.

The word "freshet" varies in its meaning in various rivers, in various years, and in various seasons of the year. If any mode had been provided in the award settling its meaning, then, perhaps, according to the maxim, *id certum est quod certum reddi potest,* the award might be considered sufficiently certain; but in case of a suit, a jury could only decide that the state of the water in the particular case before them did or not constitute a freshet, and this would necessitate constant litigation. If, as the learned counsel of the defendants in his very able argument, contends, the meaning of the award was that the flash boards should be removed whenever they "obstructed the ordinary effective power of the plaintiff's privilege," it would approach nearer to certainty, and the state of things requiring the removal of the flash-boards could be at any time better ascertained, than when left to be determined by the opinions of witnesses or jurors, or even practical mill-owners themselves, as to what constituted a freshet..

The bill states that the defendants claim the true meaning of the award to be, that the defendants have the right to maintain flash-boards on the dam until they are carried away by the waters of the river.

It implies no censure on arbitrators that, not being practical mill-owners or engineers, they have used a word which may seem to others more ambiguous than it did to themselves. The complainant alleges that he intended to object to the reception of the report, but that the court adjourned before he could find his counsel in the case. And at the former hearing, the complainant made and contended for several objections to the award, and did not (as he does now) rely principally on the uncertainty of it.

For the reasons before given, a rehearing must be granted.
*Rehearing granted.*